UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────

SHABAKA SHAKUR,

        Plaintiff,

    -v-                                       02-CV-0837M
                                                  ORDER
DONALD SELSKY, Director of Special Housing Unit, et al.,

        Defendants.

─────────────────────────────────────

On February 22, 2005, following a remand from the United States Court of Appeals for the Second Circuit (Docket No. 11, Opinion and Mandate), the Court (Hon. Michael A. Telesca) dismissed the complaint against two of the defendants, Carol Edwards and T. Steele, and directed the Clerk of the Court, pursuant to 28 U.S.C. § 1915(a) and Fed.R.Civ.P. 4(c)(2), to cause the U.S. Marshals Service to serve the summons and complaint against defendants Daniel Hurlburt, P. Foley, R. Stack, Dolan, R.T. Lomanto, T .Sticht, James Conway, Beyler and Donald Selsky. (Docket No. 12, Order). On April 1, 2005, following notice to plaintiff that he had to submit to the Clerk of the Court the necessary number of summonses and Marshals Service Process Receipt and Return Forms (USM-285s) for service on defendants, summonses were issued and the Clerk of the Court, pursuant to its usual practice, forwarded the summonses, copies of the complaint and USM-285s to the Marshals Service for service of the summons and complaint on defendants. On July 29, 2005, well after the Marshals Service was directed

to serve the summons and complaint on the defendants, counsel appeared on behalf of plaintiff.  (Docket No. 13).[1]

To date, none of the defendants have appeared in this action and there is no indication of any kind on the Docket Sheet that establishes that service was effected on the defendants.  The Court's Pro Se Office contacted the Marshals Service regarding service and was advised that service was attempted by mail, pursuant to Fed.R.Civ.P. 4(e) and N.Y. C.P.L.R. 312-a, on both May 6 and June 10, 2005, but the Marshals Service has not received anything from the defendants acknowledging service as required by N.Y. C.P.L.R. 312-a(b).  Service is not "complete" until an acknowledgment of service is returned to the "sender," in this case the Marshals Service.  *Id.*[2]  Because plaintiff was not represented at the time the Court directed the Clerk of the Court to cause the Marshals Service to serve the summons and complaint, and because the plaintiff was entitled to rely on service by the Marshals Service as a *pro se* prisoner-litigant proceeding *in forma pauperis*, *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (citation omitted) (A *pro se* prisoner-litigant proceeding *in forma pauperis is* "entitled to rely on service by the U.S. Marshals."), the Court hereby grants plaintiff a **90-day** extension of time to serve the summons and complaint on the defendants, see Fed.R.Civ.P. 4(m), and directs the Clerk of the Court to cause the U.S. Marshals Service to re-serve the summons and complaint

---

[1]While the Court has no explanation for why plaintiff's attorney has apparently not done anything to get the summons and complaint served or to, at the least, inquire into why service has not been effected, this should not cause the Court to visit those ills on plaintiff who at the time of the Court's Order directing service was a pro se incarcerated litigant.

[2]The Court shall tax the cost of subsequent service if defendant does not return the acknowledgment of service.  N.Y. C.P.L.R. 312-a(e).

on the defendants immediately.  The Marshals Service is directed to notify the Court in writing of the status of service within **60-days** of the date this Order is filed.

Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court.  *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *see also Romandette*,, 807 F.2d at 311.  Here the Court granted plaintiff permission to proceed *in forma pauperis* and, therefore, it was the Court's and Marshals Service's responsibility to effect service on the defendants as long as plaintiff properly identified them.  *See Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (If a *pro se* prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Fed.R.Civ. 4(m)).

Accordingly, this Court finds good cause to extend the time in which to serve the defendants and that the time in which to serve the defendants is extended **90-days** from the date of filing of this Order.  Fed.R.Civ.P. 4(m); *see Romandette*, 807 F.2d at 311; *Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994); *see generally Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57-58 (E.D.N.Y.1999) (collecting cases).  The Clerk of the Court is again directed to cause the United States Marshals Service to re-serve the summons and complaint on defendants Daniel Hurlburt, P. Foley, R. Stack, Dolan, R.T. Lomanto, T .Sticht, James Conway, Beyler and Donald Selsky and that service shall be made immediately.  The Marshals Service can make one further attempt to serve the

summons and complaint by mail pursuant to Fed.R.Civ.P. 4(m) and N.Y. C.P.L.R. 312-a. Following that they must attempt to personally serve the defendants.

Additionally, in order to inform the New York State Department of Correctional Services of the two prior attempts to serve the defendants and either the apparent refusal of those defendants to acknowledge service or the failure of these defendants to receive the summons and complaint, the Marshals Service is also directed to serve William Gonzalez, Esq., Counsel's Office, New York State Department of Correctional Services, State Campus Office Building #2, 1220 Washington Avenue, Albany, New York 12226, and that DOCS's Counsel's Office shall then notify the defendants of service of the summons and complaint upon them and request that they acknowledge service.

IT IS HEREBY ORDERED, that plaintiff's time in which to serve the summons and complaint on defendants Daniel Hurlburt, P. Foley, R. Stack, Dolan, R.T. Lomanto, T .Sticht, James Conway, Beyler and Donald Selsky is extended an additional **90-days** from the date of filing of this Order, and that the Clerk of the Court is directed to cause the United States Marshal to re-serve the summons and complaint on defendants Daniel Hurlburt, P. Foley, R. Stack, Dolan, R.T. Lomanto, T .Sticht, James Conway, Beyler and Donald Selsky.

FURTHER, that the Marshals Service shall make one further attempt to serve the summons and complaint by mail pursuant to Fed.R.Civ.P. 4(m) and N.Y. C.P.L.R. 312-a. Following that, they must attempt to personally serve the defendants.

FURTHER, the Marshals Service is directed to notify the Court in writing of the status of service within **60-days** of the date this Order is filed.

4

FURTHER, that the Clerk of the Court is directed to cause the Marshals Service to serve the summons and complaint on William Gonzalez, Esq., Counsel's Office, New York State Department of Correctional Services, State Campus Office Building #2, 1220 Washington Avenue, Albany, New York 12226, and that DOCS's Counsel's Office shall then notify the defendants of service of the summons and complaint upon them and request that they acknowledge service.

FURTHER, pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

Dated:      April 16, 2007
            Buffalo, New York